728 A.2d 224

IN THE MATTER OF ROCCO F. SENNA,
AN ATTORNEY AT LAW.

May 4, 1999.

## O R D E R

The Disciplinary Review Board having filed a report with the Court recommending that **ROCCO F. SENNA** of **NEWARK,** who was admitted to the bar of this State in 1942, be disbarred for violating *RPC* 1.15(a) (failure to keep client trust funds separate) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation),

And the Board's report having stated, *inter alia,*

Based on the overwhelming documentary evidence, as well as respondent's admissions, it is clear that respondent knowingly misappropriated client funds. Emerging from this record is the unfortunate picture that respondent was not aware that "borrowing" money from his clients is prohibited. Respondent presents a sympathetic figure. He has practiced law since 1942, a period of fifty-six years. He has no prior disciplinary history. At the time of the Board hearing, respondent was seventy-nine years old. He must be, nonetheless, charged with knowledge of the applicable rules and caselaw.

And **ROCCO F. SENNA** having been Ordered to Show Cause why he should not be disbarred or otherwise disciplined,

And good cause appearing;

It is ORDERED that **ROCCO F. SENNA** is disbarred, effective immediately, and that his name be stricken from the roll of attorneys; and it is further

ORDERED that **ROCCO F. SENNA** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **ROCCO F. SENNA** pursuant to *Rule* 1:21–6, shall be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court who is directed to deposit the funds in the Superior Court Trust Fund, pending further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.